UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RUZALINA SULEIMANOVA,

Plaintiff,

v.

MARKWAYNE MULLIN, et al.,

Defendants.

Case No. 26-cv-02973-PHK

**ORDER TO SHOW CAUSE RE: LACK OF SERVICE AND FAILURE TO PROSECUTE**

Re: Dkt. 1

On April 6, 2026, Ruzalina Suleimanova ("Petitioner") filed a Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief against Markwayne Mullin, Joseph B. Edlow, the United States Department of Homeland Security, and United States Citizenship and Immigration Services (collectively, "Respondents"). [Dkt. 1]. To date, Respondents have not appeared in this action, and Petitioner has not filed a proof of service demonstrating that Respondents were properly served. *See* Fed. R. Civ. P. 4(l).

Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, more than ninety days have passed since Petitioner's Complaint was filed—indeed, seven months have passed. As of the date of this Order to Show Cause, there is nothing on the docket which reflects that service of process has been effectuated (or waiver of service sought and received) as to the named Respondents. In fact, Petitioner has filed nothing on the docket at all since consenting to the undersigned's jurisdiction on April 20, 2026. *See* Dkt. 4.

United States District Court
Northern District of California

United States District Court
Northern District of California

Petitioner's failure to effectuate proper service within the time limits prescribed by Rule 4(m) is grounds for the dismissal of this case without prejudice, in the absence of justification for the failure. Further, the Court possesses the inherent power to dismiss an action sua sponte if a plaintiff fails to prosecute their action. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute).

Accordingly, **IT IS ORDERED THAT:**

1. By no later than December 21, 2026, Petitioner is **ORDERED TO SHOW CAUSE** by filing a written response to this Order explaining why this case should not be dismissed without prejudice for failure to effect service of process within the time limits prescribed by Rule 4(m).
2. Further, by no later than December 21, 2026,, Petitioner is **ORDERED TO SHOW CAUSE** in any written response to this Order explaining why this case should not be dismissed without prejudice for failure to prosecute this action.
3. Petitioner may respond to this Order to Show Cause by filing, by the December 21, 2026, deadline, adequate proof of service of process under Rule 4. To be clear, if Petitioner effectuates service of process of the Complaint by the December 21, 2026, deadline, and if Petitioner files adequate proof of service of the Complaint by the December 21, 2026, deadline, no additional written response to this Order to Show Cause would be necessary.
4. Petitioner is admonished and warned that failure to timely respond to this Order to Show Cause, continued failure to prosecute this action, and failure to show good cause for the lack of service of process may result in the issuance of a Report and Recommendation that this case be dismissed without prejudice, along with issuance of an Order directing the Clerk of Court to reassign this case to a district judge for consideration of that Report and for consideration of any action to be taken thereon.

**IT IS SO ORDERED.**

Dated: November 19, 2026

PETER H. KANG
United States Magistrate Judge